UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,

    Appellant,

v.                                                       Case No. 18-C-1378

UNIVERSITY OF WISCONSIN-OSHKOSH
FOUNDATION, INC.,

    Appellee.

## DECISION AND ORDER GRANTING MOTION FOR STAY

This is an appeal from a judgment of the bankruptcy court in an adversary proceeding brought by the Debtor-Plaintiff-Appellee University of Wisconsin-Oshkosh Foundation, Inc. (the Foundation), against the Defendant-Appellant Board of Regents of the University of Wisconsin System (the Board) awarding the Foundation more than $15 million. The Foundation is a nonprofit organization that was formed to support and advance the educational mission of the University of Wisconsin-Oshkosh through the solicitation of contributions of gifts of money and property. The Board of Regents is a State administrative agency responsible for governing the University of Wisconsin system. The case is before the court on the Board's motion for a stay of the execution of judgment pending appeal. For the reasons set forth below, the motion will be granted.

### BACKGROUND

This case arises out of a series of transactions undertaken by the Foundation to finance the construction of a welcome and conference center at the University of Wisconsin-Oshkosh and two biodigesters that were intended to generate energy using renewable resources and also provide

educational opportunities for students. The transactions were structured so that the Foundation would incur the debt to fund the projects. Former University Chancellor Richard Wells and Vice Chancellor and Chief Financial Officer Thomas Sonnleitner signed several memoranda of understanding (MOU) which provided that the University agreed to cover any deficit incurred by the Foundation on the construction projects, as well as any deficit incurred in the payment of the debt service and operational expenses of the biodigesters. The University also provided guaranties to lenders. The Vice Chancellor signed several letters agreeing that the University would make debt service payments in the event the Foundation was unable to do so. According to bank officers, the banks relied upon these promises in extending credit to the Foundation. In addition, the University and UW-Oshkosh Foundation Rosendale Biodigester, LLC, an LLC the Foundation created to own one of the biodigesters, entered into an agreement allowing the University to use the biodigester as a student laboratory. Under the terms of the agreement, the University agreed to pay rent to the LLC, which would assist in meeting its financial obligations. The Vice Chancellor signed the use agreement.

When the Foundation was unable to pay its debts, in part because the biodigesters did not generate the income expected, the Foundation requested that the University fulfill its obligations under the MOU and agreements. The University refused on the ground that obligations allegedly created under the MOU and agreements were void under the Wisconsin constitution and that the Board, as a State agency, had sovereign immunity from suit. The Board notes that after the MOU were signed, the Wisconsin Department of Justice's Division of Criminal Investigation began an investigation into the relationship between the Foundation and the University, which has resulted in the issuance of a criminal complaint charging Wells and Sonnleitner with five counts of criminal

misconduct in public office. Those charges remain pending. In any event, on August 17, 2017, the Foundation filed for bankruptcy and commenced an adversary proceeding against the Board, asserting that the MOU signed by the University's Chancellor and Vice Chancellor obligated the Board to pay the Foundation's deficits on the projects. On August 29, 2018, the bankruptcy court entered summary judgment in favor of the Foundation and against the Board. Finding no just reason for delay, the court entered a final judgment against the Board in the amount of $15,022,419.58, pursuant to Fed. R. Civ. P. 54(b).

The Board filed a notice of bankruptcy appeal with this court on September 6, 2018 and moved in Bankruptcy Court for a stay of judgment pending appeal. The Bankruptcy Court held a hearing on the motion on October 23, 2018, and denied the motion on the record. The court subsequently issued a written decision denying the motion on October 29, 2018. The Board filed a motion to stay the judgment pending appeal in this court on October 26, 2018.

## ANALYSIS

Rule 8007 of the Federal Rules of Bankruptcy Procedure governs motions for a stay of judgment, order, or decree of a bankruptcy court pending appeal. Issuance of a stay is a matter within the district court's sound discretion, and the court may condition relief on filing a bond or other security with the bankruptcy court. *See Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997); *In re Quade*, 496 B.R. 520, 531 (Bankr. N.D. Ill. 2013). In considering whether to grant a stay pending appeal under the predecessor bankruptcy rule, the Seventh Circuit has noted that courts consider the same factors a court considers in deciding whether to grant a preliminary injunction: 1) whether the appellant is likely to succeed on the merits of the appeal; 2) whether the appellant will suffer irreparable injury absent a stay; 3) whether a stay would

3

substantially harm other parties in the litigation; and 4) whether a stay is in the public interest. *Matter of Forty-Eight Insulations*, 115 F.3d at 1300 (citing *In re 203 North LaSalle Street P'ship*, 190 B.R. 595, 596 (N.D. Ill. 1995)); *see also In re A & F. Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) ("The standard for granting a stay pending appeal mirrors that for granting a preliminary injunction."). But it is not clear that consideration of these factors is either required or appropriate here.

*Matter of Forty-Eight Insulations, Inc.* concerned an appeal by individuals whose claims had been disallowed by the trustee from an order approving the trustee's request for interim distribution for claims that had been allowed in accordance with the approved plan. 115 F.3d at 1297. *In re A & F Enterprises, Inc. II* concerned an appeal from an order deeming the debtor's unexpired franchise agreements and corresponding building and equipment leases rejected prior to confirmation of a plan. 742 F.3d at 765. Unlike this case, neither *Matter of Forty-Eight Insulations, Inc.* nor *In re A & F Enterprises, Inc. II* involved an appeal from a money judgment entered in an adversary proceeding. The standard for granting a stay from a bankruptcy court's judgment granting what is essentially a money judgment is different than the standard that applies to a motion seeking to stay what is essentially injunctive or declaratory relief concerning a proposed plan. *See, e.g.*, *In re Capital West Investors*, 180 B.R. 240 (N.D. Cal. 1995).

A motion for a stay of proceedings to enforce a judgment entered in an adversary proceeding is governed by Rule 62 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 7062. Effective December 1, 2018, Rule 62(a) provides that execution on a judgment, other than a judgment in an action for injunction or receivership, or one for an accounting in a patent infringement action, or proceedings to enforce it, are automatically stayed for thirty days after its entry. Fed. R. Civ. P.

4

62(a). (The previous rule provided for an automatic stay of 14 days.) Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Although Rule 62, by its plain terms, requires the posting of a bond or other security, it is clear that the court in its discretion may waive the bond requirement. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *United States v. Tit's Cocktail Lounge*, 873 F.2d 141 (7th Cir. 1989).

There are five factors that a district court may consider in determining whether to waive the posting of bond:

(1) the complexity of the collection process;

(2) the amount of time required to obtain a judgment after it is affirmed on appeal;

(3) the degree of confidence that the district court has in the availability of funds to pay the judgment;

(4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and

(5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904–05. Upon consideration of those factors in this case, I am satisfied that no bond or other security is necessary. There is no reason to doubt that the State of Wisconsin, should it not prevail on appeal, will pay the judgment entered by the bankruptcy court. I therefore conclude that the Board's motion for a stay of execution of the judgment entered by the bankruptcy court pending appeal should be granted.

I would reach the same conclusion even if I applied the standard applied in *Forty-Eight Insulations* and *A & F Enterprises*. Applying that standard here, the Bankruptcy Court found little likelihood of success on the merits because it would not have found in favor of the Foundation if it thought the Board's position had merit. But as the Board points out, the fact that the court ruled against it cannot be the test or no stay would ever be granted. Certainly, the Board's position is not frivolous or brought for purposes of delay. The fact that the two University officials who signed the MOU and agreements on which the Foundations claims are based have been charged with misconduct in office raises serious questions as to their authority to bind the Board in the manner alleged. In any event, as the Bankruptcy Court noted in its certification of a direct appeal, "the appeal presents a novel legal question involving a matter of public importance." ECF No. 5-1 at 6. When the legal issue does not have a clear-cut answer, the court should rest its decision on whether to grant the stay primarily on the balance of potential harms. *In re A & F Enters.*, 742 F.3d at 768.

In this case, the Board seeks a stay of the judgment because, given the state of the Foundation's finances, it will not be able to recover the judgment amount, which is millions of dollars more than the current alleged liability, after an appeal. It is undisputed that the $15 million judgment amount is no longer valid because one of the biodigesters has been sold in a state court receivership case for $8,200,000.00 to reduce the debt. The bankruptcy court noted that "the amount of the judgment now totals between $7 million and $8 million." ECF No. 10-1 at 1. Although the Foundation has indicated it would cooperate with the Board if the Board filed a motion to amend the judgment with the Bankruptcy Court, the Board should not be forced to rely on the willingness of the Foundation to "cooperate" to insure its rights are protected. More importantly, the Board

6

seeks review of the Bankruptcy Court's determination that it is liable at all, not just the amount of the judgment entered against it.

Once the Foundation collects the amount of the judgment, it will use the proceeds to pay third-party lenders. If the judgment is reversed on appeal, the Board argues, the public funds used to repay the Foundation's creditors may never be recovered. The Board's fear does not seem unreasonable, given the fact that the Foundation filed for Chapter 11 protection. The Foundation asserts that it will use the proceeds of the judgment to pay off the remaining debt on the welcome and conference center and the remaining biodigester, and plans to convey both to the University. The Foundation contends that the value of those properties vastly exceeds the amount it is seeking to collect under the judgment. But the State need not accept the Foundation's assurances as to either the value of the remaining property or its plan at this point in the proceedings, especially considering the fact that the Foundation's previous forecasts have proven less than reliable.

The Foundation asserts that it will suffer harm to its reputation and fundraising capacity by a stay pending appeal. It contends that the University has spread falsehoods about the Foundation's demise and, as a result, individuals have not made pledges to the Foundation. The Foundation maintains that staying the judgment will only intensify and prolong its reputational harm. While the Foundation's concerns should not be minimized, this is not the kind of harm that warrants denying a stay. Any harm the Foundation may suffer by a short stay, over and above what it has already suffered as a result of its Chapter 11 filing and the criminal charges against the former Chancellor and Vice Chancellor, is outweighed by the fact that the Board does not have an adequate remedy if the judgment is overturned. The court therefore concludes that it is appropriate to impose a stay pending appeal.

**CONCLUSION**

For these reasons, the Board of Regents of the University of Wisconsin System's motion to stay the bankruptcy court judgment pending appeal (ECF No. 7) is **GRANTED**.

**SO ORDERED** this  6th  day of December, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court